97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Alberto LUGO-MEDINA; Mireya Del Carmen Guerrero De
Lugo; Wendy Johanna Lugo-Guerrero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70768.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 24, 1996.
 
 1
 Petition to Review an Order of the Immigration and Naturalization Service, Nos. Azg-vuz-lck to Abm-ast-ize.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR,** District Judge.
 
 
 5
 Memorandum***
 
 
 6
 Petitioner Luis Alberto Lugo-Medina ("Lugo-Medina") and his wife and daughter (collectively, "Petitioners"), natives and citizens of Nicaragua, appeal the order of the Board of Immigration Appeals ("BIA"), affirming the order of an immigration judge ("IJ"), denying their application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a) and deny the petitions for review.
 
 
 7
 We review for substantial evidence the BIA's determination that the petitioners did not demonstrate past persecution or a well-founded fear of future persecution. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996). We will uphold the BIA's determinations unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 8
 To establish eligibility for asylum, lead petitioner Lugo-Medina[1] must show past persecution or a well-founded fear of future persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Lugo-Medina must show both a subjective and objective fear of persecution. Id. "The objective inquiry requires a showing by credible, direct, and specific evidence, of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quotation omitted).
 
 
 9
 Petitioners object to the BIA's decision that Lugo-Medina failed to establish past persecution or a well-founded fear of persecution. Petitioners maintain the BIA's decision is not supported by substantial evidence. Lugo-Medina, an agronomist, testified that he had been classified as a supporter of the Somoza government based upon his refusal to strike against that government in 1978 and his refusal to participate in Sandinista political activities. Consequently, Lugo-Medina was passed over for promotions at one government job, dismissed from two other government jobs, and denied a food ration card for his family. Despite such economic adversities, Lugo-Medina was still able to find work in the government and private sectors, draw income from the coffee farm he owned, and obtain food from farmers. As the IJ found, and the BIA incorporated in its decision below, government employment is a privilege, not a guaranteed right.
 
 
 10
 Lugo-Medina further testified that Sandinistas threw stones at his family's home, and shouted and painted counter-revolutionary slogans on their house. On one occasion, Lugo-Medina received a threat of imprisonment from Sandinista-affiliated groups who wanted control of an international non-profit organization for which he worked. He relocated without incident. On another occasion, Lugo-Medina was threatened with investigation and arrest by an employer when fired from his last government job. Lugo-Medina left Nicaragua three months later.
 
 
 11
 The BIA held that these incidents did not constitute persecution. The BIA also noted that given the changed circumstances in Nicaragua, Lugo-Medina did not have an objectively reasonable fear of future persecution.[2] Given the changed circumstances in Nicaragua, we affirm the BIA's conclusion that Lugo-Medina failed to establish an objectively reasonable fear of persecution. See id. Lugo-Medina's contentions that the Sandinistas still control the army and police are insufficient to demonstrate that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994). Nor did the BIA err in concluding that Petitioners did not merit a grant of asylum for humanitarian reasons because Lugo-Medina suffered "under atrocious forms of persecution." See Acewicz, 984 F.2d at 1062 (quotations omitted). Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Lugo-Medina has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See id.; Prasad, 47 F.3d at 340.
 
 
 12
 As to all Petitioners, the petitions for review are DENIED. PETITIONS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because Lugo-Medina's wife and daughter, Mireya Del Carmen Guerrero De Lugo and Wendy Johanna Lugo-Guerrero, respectively, are seeking derivative asylum status based on the lead petitioner's experiences, only the facts pertaining to Lugo-Medina are discussed here
 
 
 [2]
 In 1990, a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party