97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gregory S. KEVAKIAN, aka Gregory R. Kneis; fka Gregory H.
Rockwell, Plaintiff-Appellant,
v.
George KENNEDY; Dennis Handis; Quaslim Inham; Stewart
Rappaport; Rowe, Correctional Officer, Santa Clara County;
Keeler, Correctional Officer, Santa Clara County; Green;
Ronald March, Parole Officer, San Mateo County; William
Schroeder, Supervising Parole Officer, San Francisco; Ron
Chun, Regional Supervisor, Parole Community and Services
Division; Leo Himmelsbach, individually and in his capacity
as District Attorney of Santa Clara County; Dana Berkett,
individually and in her capacity as Deputy District Attorney
of Santa Clara County; Steve Elrick, individually and in
his capacity as Deputy Public Defender of Santa Clara
County; Robert Phelps, individually and in his capacity as
Deputy Public Defender of Santa Clara County; Robert
Winter, individually and in his capacity as Sheriff of Santa
Clara County; Frank Hall, individually and in his official
capacity as Director of Corrections of Santa Clara County;
Michael M. Honda; Zoe Lofgren; Ron Gonzales; Ron Diridon;
Dianne McKenna; R. Huerta, Deputy Sheriff; Lausten,
Correctional Officer; Souza, Correctional Officer;
Mercado, Correctional Officer # 2333; Mickanen,
Correctional Officer # 2332; Gray, Correctional Sergeant #
65; Prauhn, Correctional Sergeant; Padget, Correctional
Lieutenant # 229; Lukrick, Dr., individually and in his
official capacity as Senior Physician, Elmwood Men's
Facility; Don Okeefe, individually and in his capacity as
Sergeant, San Mateo County Department of Corrections;
Unknown Watkins, individually and in his official capacity
as detective of the Twin Cities Police Department; Daniel
J. McCarthy, individually and in his official capacity as
Director of the California Department of Corrections; James
Rowland, Director of the California Department of
Corrections; Ronald E. Koenig, individually and in his
official capacity as Director of the Board of Prison Terms;
Charles Graham, individually and in his official capacity as
District Parole Administrator of the Parole and Community
Services Division; Robert Patterson; R.C. Loriano; Ray
Boulton; Constance Carey; Ernie Coldren; Maureen
O'Connell; Steve Schroeder; Eric Sayler, individually and
in his official capacity as Supervising Agent of the Parole
and Community Services Division; Marsha Ford Gaddini;
Bruce Owens; Charles Spoon, individually and in his
capacity as Correctional Counselor Supervisor of the
Department of Corrections; Art Knoll, individually and in
his capacity as Correctional Counselor Supervisor; A.A.
Stagner, individually and in his official capacity as
Superintendent of the CTF, Soledad; A.A. Stagner Estate;
J. McAllister, individually and in his official capacity as
Program Administrator of the CTF, Soledad; Potteiger,
Program Correctional Lieutenant; Medina, Richmond Officer,
Program Correctional Lieutenant; Shaw, Correctional
Officer; J. Gonzales, Correctional Officer; Valdez; Jim
Okeefe, individually and in his official capacity as Police
Officer of the San Jose Police Department; Pernell,
Correctional Officer # 1868, Defendants,
and
Hernandez, Correctional Officer, Santa Clara County,
Defendant-Appellee.
 
 No. 95-16777.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Gregory S. Kevakian appeals pro se the district court's summary judgment for defendant Hernandez in Kevakian's 42 U.S.C. § 1983 action alleging that Hernandez transferred him to another housing unit in retaliation for filing a grievance against another correctional officer. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, see Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir.1996), and we affirm.
 
 
 3
 Kevakian contends that the district court erred when it found that his transfer to another medium security housing unit served a legitimate penological interest. This contention lacks merit.
 
 
 4
 Prisoners alleging retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against them for exercising their constitutional rights; and (2) the retaliatory action did not advance legitimate penological interests, such as the preservation of institutional order, discipline, and security. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).
 
 
 5
 Here, Kevakian was transferred after Hernandez received an anonymous note stating that Kevakian had threatened another inmate in his housing unit. Although Hernandez never produced the actual note or a copy of it, he produced a report indicating that another correctional officer had read the note after Hernandez showed it to him. Hernandez also submitted his own affidavit stating that he determined that Kevakian should be transferred to another housing unit to maintain prison security. In addition, Hernandez submitted an affidavit from a classification unit officer stating that the officer had determined that the lateral transfer was necessary and that the move was not for disciplinary reasons. In contrast, Kevakian only produced evidence tending to show that his transfer to another medium security housing unit was retaliatory. Kevakian, however, failed to produce significant probative evidence demonstrating that the alleged retaliatory action did not advance a legitimate penological interest. See id. at 815-16; see also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) (stating that "[t]he plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the [retaliatory] conduct [at issue]").
 
 
 6
 Because Kevakian failed to demonstrate that a disputed issue of material fact existed regarding the legitimate penological interest served by the alleged retaliatory transfer, the district court did not err by granting Hernandez summary judgment. See Barnett, 31 F.3d at 815.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal