97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Wilburn MENEFIELD, Plaintiff-Appellant,
v.
James GOMEZ, Director, California Department of Corrections;
Robert G. Borg, Warden, Folsom State Prison; T.
Rosario, Program Administrator of Folsom
Prisons, Defendants-Appellees.
 No. 94-16903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 MEMORANDUM**
 California state prisoner James Wilburn Menefield appeals pro se the district court's summary judgment for defendants in Menefield's 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the district court's judgment and remand for further proceedings pursuant to Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988), because the district court failed to advise Menefield of the summary judgment requirements under Fed.R.Civ.P. 56. See Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995) (per curiam) (holding that the district court, and not the moving party for summary judgment, must provide a pro se prisoner litigant with notice of the summary judgment requirements under Rule 56); see also Anderson v. Angelone, 86 F.3d 932, 935 (9th Cir.1996) (reversing the district court's summary judgment for defendant because the district court failed to advise the pro se prisoner of what was required under Rule 56 to oppose defendant's motion for summary judgment).
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3