97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelly ESCOBAR, Plaintiff-Appellant, Cross-Appellee,
v.
Police Officers SCUTELLA; Patrick Ortiz; J. Glenn; Twenty
Unknown Named Ontario Police Officers,
Defendants-Appellees, Cross-Appellants.
 Nos. 95-55221, 95-55389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Sept. 25, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury found Los Angeles police officers James Scutella, Deborah Glenn, and Patrick Ortiz ("Scutella"; "Glenn"; "Ortiz"; collectively, "the officers"[1]) liable for unlawfully arresting Kelly Escobar Galatz ("Escobar" or "Kelly") and improperly causing her to be charged as an accessory to the murder of her infant son. The jury awarded Escobar compensatory and punitive damages on both claims. The district court reversed the jury verdict on unlawful arrest by granting the officers' post-trial motion for qualified immunity, and further granted the officers' motion for judgment as a matter of law on the improper charge claim. Escobar appeals these rulings and the officers cross-appeal the district court's pretrial order denying their motion for summary judgment on grounds of qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's post-trial award of qualified immunity and affirm the judgment on the unfounded prosecution claim. We decline to exercise jurisdiction over the cross-appeal.
 
 
 3
 * A. Standard of Review
 
 
 4
 "We review the district court's judgment as a matter of law de novo." Acosta v. City and County of San Francisco, as amended, 83 F.3d 1143, 1145 (9th Cir.1996) (citing Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir.1993), cert. denied, 114 S.Ct. 2163 (1994)). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion and that conclusion is contrary to that reached by the jury." Id. (citing Vollrath, 9 F.3d at 1460).
 
 
 5
 The jury's verdict is reviewed for sufficiency of the evidence. Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir.1994). "Sufficient evidence is admissible evidence that reasonable minds might accept as adequate to support a conclusion." Id. (quotations omitted).
 
 B. Qualified Immunity
 
 6
 "[Q]ualified immunity shields [officers] from suit for damages if a 'reasonable officer could have believed [the suspect's detention] to be lawful, in light of clearly established law and the information the [detaining] officer possessed.' " Hunter v. Bryant, 502 U.S. 224, 227 (1991) (citing and quoting in part Anderson v. Creighton, 483 U.S. 635, 641 (1987)). "The threshold determination of whether the law governing the conduct at issue is clearly established is a question of law for the court." Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993). If no genuine issues of fact exist, "the determination whether those facts support an objective belief that probable cause or reasonable suspicion existed is ordinarily a question for the court." Id. However, "[i]f a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial." Id.
 
 
 7
 In this case, there is no dispute that the laws in question were clearly established. [See order at 5, ER 130.] Because the district court evidently determined that factual issues precluded granting qualified immunity at the summary judgment stage, the case proceeded to trial. The jury found there was no probable cause for the arrest and assigned punitive damages based on its findings that the officers' actions were "maliciously or wantonly or oppressively done."
 
 
 8
 The district court nevertheless granted qualified immunity based on its determination that "the Officers could have reasonably believed that probable cause existed, even if in actuality it did not." [Order at 5, ER 130, citing Hunter, 112 S.Ct. at 536.] While the district court did not explicitly say so, it apparently relied on Act Up! 's suggestion that the court reserve to itself the issue whether the facts support an objective belief that probable cause existed: "If the court finds that a genuine issue of underlying fact does exist, it should postpone the qualified immunity determination until the facts have been developed at trial." 988 F.2d at 873-74.
 
 
 9
 Escobar's argument that "absent probable cause to arrest, the mere objective reasonableness of an officer's action in arresting is insufficient to prove the defense" is meritless. It has been clearly established that "even officers who mistakenly conclude that reasonable suspicion [or probable cause] is present are entitled to immunity so long as that conclusion is objectively reasonable." Act Up!, 988 F.2d at 872 (citing Anderson, 483 U.S. at 641.)
 
 
 10
 While the record supports the district court's conclusion, it cannot be said that "the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion and that conclusion is contrary to that reached by the jury." Acosta, 83 F.3d at 1145 (citing Vollrath, 9 F.3d at 1460). In this case, the jury necessarily found that the officers' actions were unreasonable, a conclusion we hold was also supported by the record.
 
 
 11
 While it remains an open question whether judge or jury should make the ultimate immunity decision in cases necessitating trial, see id. at 1149 n. 17 (citing Sloman, 21 F.3d at 1468; and Sinaloa Lake Owners Assoc. v. City of Simi Valley, 70 F.3d 1095, 1099 (9th Cir.1995)), we have held that it is not reversible error for the question to be resolved by the jury, where the jury's underlying factual findings allow for only one conclusion. Sloman, 21 F.3d at 1468.
 
 
 12
 In Sloman, we considered whether a district court had erred in sending to the jury the ultimate question of qualified immunity and concluded that Act Up! did not control the issue. Id. at 1468. We observed that in Act Up!, the facts relevant to immunity were not in dispute: "We did not say how or by whom, during or after trial, the qualified immunity determination should be made, although we did opine that the determination is 'ordinarily a question for the court.' " Id. at 1467 (quoting Act Up!, 988 F.2d at 873). While we suggested that "the jury is best suited to determine the reasonableness of an officer's conduct in light of the factual context in which it takes place," we declined to decide the issue. Id. at 1468. Because "the factual findings the jury must have made in imposing liability on [the official] would require the district court to deny him qualified immunity in any event," we held that the district court's error, if any, in sending the question to the jury was harmless. Id. (emphasis added).
 
 
 13
 Recently, we reaffirmed that "regardless of whether it is the judge or the jury who makes the ultimate determination on the issue of qualified immunity, that decisionmaker must rely on the jury's factual findings as to the disputed issues of fact." Acosta, 83 F.3d at 1147. "[T]he jury, not the judge, must decide the disputed 'foundational' or 'historical' facts that underlie the determination." Id. (citing Sloman, 21 F.3d at 1468; and Sinaloa, 70 F.3d at 1099). An examination of the record in Acosta led us to conclude that the jury must have found that the officer acted unreasonably. Id. Because we found that the district court had impermissibly substituted its own findings for those of the jury, we reversed the post-trial grant of qualified immunity. Id. at 1148.
 
 
 14
 The jury here apparently believed Kelly's version of the facts. The jury must also have found, contrary to findings of the district court, that the officers' refusal to believe Mark and Kelly's independently elicited stories about the onion chopper was unreasonable. Perusal of the jury instructions shows that the jury was asked to consider whether the officers' actions were reasonable:
 
 
 15
 Mere suspicion, common rumor, or even strong reason to suspect are not enough to constitute probable cause for arrest. Probable cause exists where the facts and circumstances within the officers' knowledge and which the officers have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person who is placed under arrest....
 
 
 16
 The burden is on the defendant to prove by a preponderance of the evidence ... that the warrantless arrest was reasonable and, hence, legal.
 
 
 17
 [RT 8/25/94:110-111.]
 
 
 18
 Furthermore, the special verdicts indicate that the jury not only found there was no probable cause for Kelly's arrest, but that it was "wantonly, maliciously or oppressively done," and so merited punitive damages. See Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir.1994) (observing in context of faulty jury instruction that the jury's award of punitive damages "provides a strong indication that the jury did not find the [officer's] account persuasive," and citing Benigni v. City of Hemet, 879 F.2d 473, 480 (9th Cir.1988), for the proposition that "the jury's award of punitive damages indicated that the jury found the police officer's conduct unreasonable").
 
 
 19
 Because the jury instructions demonstrate that the jury must have determined that the officers not only lacked probable cause to arrest Kelly but did so unreasonably, and because we hold that the jury's determination was sufficiently supported by the record, we reverse the district court's qualified immunity judgment and remand to the district court for reinstatement of the jury verdict and consideration of the officers' motion for remittitur.
 
 C. Unfounded Prosecution
 
 20
 Escobar initially brought a claim of malicious prosecution against the officers. The district court construed the claim as a section 1983 claim "based on the improper influencing of the prosecutor's exercise of discretion." [Order at 7, ER 132; see also order at 7 n. 3.] Escobar has never disputed this construction.
 
 
 21
 As the officers point out, the Supreme Court has held that "[s]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 114 S.Ct. 807, 811 (1994) (quotations omitted). The Court also held that a malicious prosecution claim violates the Fourth Amendment, and is not actionable under § 1983. Id.
 
 
 22
 Because there is no independent basis for the "unfounded prosecution" claim under federal law, it must be dismissed. We therefore affirm the district court's decision to award the officers judgment as a matter of law on this issue. We reverse the order insofar as it grants a new trial on the issue. Fed.R.Civ.P. 50(a)(1).
 
 D. Cross-appeal
 
 23
 The parties dispute whether this court has jurisdiction over the district court's denial of summary judgment. While the result reached above renders the issue moot, we briefly address the jurisdictional question. There may be some question as to whether a denial of summary judgment based purely on questions of law is reviewable following trial on the merits. See, e.g., Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1163 (9th Cir.1995). However, a denial based on questions of fact clearly is not reviewable. General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1507 (9th Cir.1995), cert. denied, 116 S.Ct. 1017 (1996) ("[W]e may not review the denial of a summary judgment on a claim once a directed verdict has been entered on that claim," regardless of which party prevails on the claim). See also Loccrichio v. Legal Servs. Corp., 833 F.2d 1352, 1358 (9th Cir.1987) (denial of summary judgment "not properly reviewable on an appeal from the final judgment entered after trial").
 
 
 24
 The Supreme Court recently held that while law-based denials are immediately appealable under Mitchell v. Forsyth, 472 U.S. 511 (1985), fact-based denials are not. Johnson v. Jones, 515 U.S. ----, 132 L.Ed.2d 238, 245-46, 115 S.Ct. 2151, 2152-53 (1995).
 
 
 25
 We therefore do not review the summary judgment order.
 
 
 26
 REVERSED in part, AFFIRMED in part, and REMANDED.
 
 
 27
 No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A fourth officer, Michael Caldera ("Caldera"), was exonerated by the jury and is not a party to the appeal