97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene D. MESSERSCHMIDT, Plaintiff-Appellant,
v.
STATE OF ARIZONA; Charles Cowan, Director, Arizona
Department of Economic Security; Timothy M. Hogan,
Executive Director, Arizona Center for Law in the Public
Interest; Linda J. Blessing, Director of EEOC, Defendants,
and
Richard Riley, Secretary, U.S. Department of Education;
William L. Smith, Acting Commissioner,
Rehabilitation Services Administration,
Defendants-Appellees.
 No. 95-16103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Messerschmidt appeals pro se the district court's dismissal of his action alleging that defendants discriminated against him on the basis of disability. Specifically, Messerschmidt claimed that defendants failed to fund his business plan pursuant to section 641 of the Rehabilitation Act of 1973, 29 U.S.C. § 795r, a program that was never funded by Congress. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's Rule 12(b)(6) dismissal of an action. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). A pro se pleading may not be dismissed without notice of the deficiencies and an opportunity to amend, unless amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 We agree with the district court that Messerschmidt cannot state a claim for relief because Congress never appropriated funds to carry out the Rehabilitation Act business program. See Office of Personnel Management v. Richmond, 496 U.S. 414, 424 (1990) ("[N]o money can be paid out of the Treasury unless it has been appropriated by an act of Congress.") (internal quotations and citation omitted).[1]
 
 
 5
 Because the district court did not consider matters outside the pleadings, Messerschmidt's contention that the district court converted defendants' motion to dismiss into a motion for summary judgment lacks merit. See Tanner, 879 F.2d at 576.
 
 
 6
 Messerschmidt contends on appeal that the district court erred by denying his motions for appointment of counsel. We are unable to conclude that Messerschmidt's likelihood of success or the complexity of the issues were so "exceptional" as to render the district court's decision not to appoint counsel an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). All pending motions are denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly denied Messerschmidt's motion for entry of a default judgment