97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodimir ELIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Ars-owp-fsf.
 B.I.A.
 REVIEW DENIED.
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodimir Elias, a native and citizen of Honduras, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying Elias' request for suspension of deportation under 8 U.S.C. § 1254(a)(1) because Elias failed to show that his deportation would result in extreme hardship. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review for abuse of discretion the BIA's decision to deny an application for suspension of deportation. See Tukhowinich v. INS, 64 F.3d 460, 462 (9th Cir.1995). The BIA has discretion to construe "extreme hardship" narrowly "as long as it considers all relevant factors to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citations omitted). "When the BIA clearly incorporates the IJ's opinion, as it did in this case, then ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995); see also Tukhowinich, 64 F.3d at 464-65.
 
 
 4
 Elias contends the IJ abused its discretion by failing to consider all the relevant evidence he presented. Specifically, Elias contends the IJ failed to consider evidence that his deportation would subject him to economic disadvantage and to psychological distress due to separation from a number of Elias' family who reside in the United States.
 
 
 5
 In order to qualify for suspension of deportation a petitioner must show (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1); Tukhowinich, 64 F.3d at 462.
 
 
 6
 Here, the IJ did not abuse his discretion because he considered all the factors relevant to Elias extreme hardship claim and stated his reasons for denying relief. See Ramirez-Durazo, 794 F.2d at 498. First, the IJ properly considered that although Elias has worked in a semiskilled position in the United States, there is no evidence that he could not obtain similar employment if deported to Honduras.[1] See Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981) ("Difficulty in finding employment or inability to find employment in one's trade or profession is also mere detriment, relevant to a claim of hardship but not sufficient to require relief."). Second, the IJ properly considered that Elias does not have a United States citizen or lawful permanent resident spouse, parent or child residing in the United States. See INS v. Hector, 479 U.S. 85, 88 (1986). Although Elias' father resides in the United States, he is undocumented. The IJ was not required to consider the hardship to Elias' siblings, most of whom are also undocumented. See id. ("[T]he Board is not required ... to consider the hardship to a third party other than a spouse, parent, or child as defined by the Act.").
 
 
 7
 Accordingly, the BIA did not abuse its discretion by denying Elias' application for suspension of deportation. See Tukhowinich, 64 F.3d at 462.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Elias' contention that the political and economic situation in Honduras is so bleak that he would be unable to obtain employment if returned to Honduras because it is raised for the first time on appeal. See Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982). Likewise, Elias' contention that his loss of employment would produce particularly unusual psychological hardships because he spends his life working and has no active social life or outside interests is not considered because it is contradicted by his testimony and raised for the first time on appeal. See id