97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. LOOMIS, Plaintiff-Appellant,
v.
Richard A. VERNON, Director, Idaho Department of
Corrections; Dave Paskett, Administrator of Prisons for
Idaho; Arvon Arave, Warden of the IMSI; Debbie Shields,
Associate Warden of IMSI; Lynn White, Medical Services
Manager for IMSI; Dr. Richard Gardner; Dr. Rex Borup,
Contract doctor for IMSI; Lelia Schutt, Head Nurse or CRMP
for IMSI, Defendants-Appellees.
 No. 95-35508.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Loomis appeals pro se the district court's summary judgment in favor of the Idaho Maximum Security Institution ("IMSI") in his 42 U.S.C. § 1983 action alleging that the prison medical staff were deliberately indifferent to his medical needs in violation of the Eighth Amendment in their treatment of his back pain. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Loomis contends that defendants have been deliberately indifferent to his serious medical needs by failing to provide him with proper medical care. Specifically, he contends that the defendants refused to provide medical treatment on three occasions and to administer Somma and Darvocet. We disagree.
 
 
 4
 We review de novo the district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). "There is [ ] no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion." Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 To establish a violation of the Eighth Amendment, Loomis must show that defendants were deliberately indifferent to his serious medical needs. McGuckin, 974 F.2d at 1059. The indifference must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Id. Furthermore, a difference of opinion over proper medical treatment does not constitute deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).
 
 
 6
 In support of their motion for summary judgment, defendants submitted affidavits with supporting documentation from defendant physician Gardner and IMSI nurse Schutt. The defendants' evidence shows that doctors examined Loomis for his back pain, and medical records demonstrate that Loomis was prescribed exercise, Ibuprofen, and extra strength Tylenol for his back pain, not Somma and Darvocet. This evidence also shows that Loomis refused medical treatment on three occasions, choosing to go to the law library instead. Defendant Schutt stated in her affidavit that Somma has not been stocked in the prison since the early 1980's because of its potential of abuse. In his response to defendants' motion for summary judgment, Loomis submitted his verified complaint detailing his medical treatment history at the prison. This documentation establishes that Loomis had recurring back pain resulting from a congenital back defect, but does not contradict the documentation submitted by the defendants.
 
 
 7
 Although Loomis clearly has a difference of opinion regarding proper treatment for his back condition, a mere difference of opinion over proper medical treatment does not support a claim for deliberate indifference. See Jackson, 90 F.3d at 332. Because Loomis failed to create a triable issue of fact that the defendants either purposefully ignored or failed to respond to his serious medical needs, the district court properly granted summary judgment for the defendants. See McGuckin, 974 F.2d at 1059; Taylor, 880 F.2d at 1044.
 
 
 8
 Loomis also contends that he should have been given an opportunity to amend his complaint. We disagree.
 
 
 9
 Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The district court granted summary judgment for the defendants, but only after giving Loomis fair notice of the requirements of the summary judgment rule and the need to submit a response to the motion containing evidence to ward off summary judgment under Fed.R.Civ.P. 56(e). See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Moreover, the district court did not abuse its discretion by denying Loomis leave to amend his complaint because amending his complaint would have been futile. See Nelson v. Pima Community College, 83 F.3d 1075, 1083 (9th Cir.1996) (holding that denial of leave to amend is not abuse of discretion where amendment would be futile).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal