97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ismael Samniego LARA, Plaintiff-Appellant,
v.
George THAN, Dr., Defendant-Appellee.
 No. 94-16021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ismael Samniego Lara, a California state prisoner, appeals pro se the district court's summary judgment in favor of Dr. George Than in Lara's 42 U.S.C. § 1983 action alleging that Than was deliberately indifferent to Lara's medical needs during an intravenous pyelogram ("IVP")[1] procedure in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Summary judgment is appropriate if, viewing the evidence in the light most favorable to Lara, we determine that no genuine issue of material fact exists and that the district court correctly applied the relevant substantive law. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We must not weigh the evidence or determine the truth of the matters asserted but only determine whether there is a genuine issue for trial. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994) (citation omitted).
 
 
 4
 To establish a violation of the Eighth Amendment, Lara must show that Than was deliberately indifferent to Lara's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. In order for deliberate indifference to be established Than must have purposefully ignored or failed to respond to Lara's pain or possible medical need. See McGuckin, 974 F.2d at 1060.
 
 
 5
 Here, it is undisputed that Lara suffered an allergic reaction to the IVP procedure which resulted in Lara's temporary loss of consciousness. However, there is a genuine issue of material fact as to whether Than purposefully ignored Lara's warning prior to the injection that Lara would be allergic to the IVP dye. There is also a genuine issue of material fact as to whether Than purposefully ignored or failed to respond to Lara's medical needs after Lara suffered the allergic reaction.[2]
 
 
 6
 Because viewing the evidence in the light most favorable to Lara there were genuine issues of material fact, summary judgment was inappropriate. See Warren, 58 F.3d at 441. Accordingly, we vacate and remand for trial.[3]
 
 
 7
 VACATED AND REMANDED.
 
 BRUNETTI, Circuit Judge, dissenting:
 
 8
 I respectfully dissent. I would affirm because even taking the evidence as claimed by the appellant it does not constitute a claim of deliberate indifference.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An IVP consists of an injection of a dye into a patient's bloodstream in order to monitor its flow by way of x-ray
 
 
 [2]
 Than's contention that Lara did not submit any evidence to support his allegations of Than's deliberate indifference is not supported by the record. In opposition to Than's motion for summary judgment Lara submitted a verified pleading misleadingly entitled "Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment," which adequately functions as an opposing affidavit. See Fed.R.Civ.P. 56(e); cf. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995) (finding verified complaint which meets the requirements of Rule 56(e) functions as an opposing affidavit)
 
 
 [3]
 We vacate the Appellate Commissioner's April 14, 1995 order construing Lara's exhibits lodged on July 6, 1994 as his opening brief. We deny Lara's July 14, 1995 motion to take judicial notice of a series of exhibits which he did not present to the district court, see United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990), without prejudice to his submitting the exhibits at trial in the district court
 We note that our appellate review was significantly hampered by the district court's loss of the record.