97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry A. McCULLOUGH, Plaintiff-Appellant,
v.
Thomas COURIS; John White, Defendants-Appellees.
 No. 95-15230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 26, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry A. McCullough, a federal prisoner, appeals pro se the district court's summary judgment in favor of defendants in his action brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). McCullough alleged that defendants, the federal prosecutor and federal investigator involved in the prosecution of his criminal case, violated his rights to due process and equal protection during forfeiture proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.
 
 
 3
 The district court seems to have based its summary judgment dismissal on two separate grounds. First, the district court stated in its order granting summary judgment that McCullough was not given a chance to amend his complaint because any amendment would have been futile. Before dismissing a pro se litigant's complaint, a district court must afford the litigant an opportunity to cure deficiencies in his complaint, unless amendment would be futile. See Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). Because it is not absolutely clear that no amendment would have enabled McCullough to allege a constitutional violation, the district court erred by dismissing this action without providing McCullough with the opportunity to amend. See id. at 1448. On remand, the district court should inform McCullough of the deficiencies in his complaint and permit him to amend the complaint. See id.
 
 
 4
 Second, the district court granted summary judgment because it concluded that McCullough's constitutional claims against the defendants are protected by absolute immunity or qualified immunity. Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995) (per curiam).
 
 
 5
 A review of the record reveals that the district court failed to advise McCullough that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendant's motion for summary judgment. Accordingly, we vacate the district court's grant of summary judgment. See Klingele, 849 F.2d at 411-12. On remand, the district court should advise McCullough of the Rule 56 requirements and give him an opportunity to respond to defendant's summary judgment motion. See id.[1]
 
 VACATED and REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McCullough's motion to take judicial notice of several other judicial proceedings, including this court's July 14, 1994 memorandum decision disposing of his criminal appeal, is denied as moot
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal